A. ARTHUR TRACY,

*vs.*

BRENTWOOD VILLAGE CORPORATION, BRENTWOOD DEVELOPMENT CORPORATION, BRENTWOOD VILLAGE STORES CORPORATION and BRENTWOOD GARDENS, INCORPORATED.

*New Castle, June 16, 1948.*

*Harold B. Howard,* and *Alfred L. Becker,* of New York City, for plaintiff.

*John J. Morris, Jr.* (of Hering, Morris, James & Hitchens), and *Howard L. Williams,* for defendants.

HARRINGTON, Chancellor: This is a proceeding under *Section* 31 of the *General Corporation Law, as amended,* § 2063, *Rev.Code* 1935, to review the determination of the master with respect to what persons were elected directors of Brentwood Village Corporation and Brentwood Development Corporation at the stockholders' meetings called and conducted by him.

*Section* 31 provides:

(1) "Upon the application of any stockholders, the Chancellor shall have power to hear and determine the validity of any election of any director * * * of any corporation organized under this Chapter and the right of any person to hold such office"; and (2) "The Chancellor in any proceeding instituted under this Section shall have power to determine the right and power of persons claiming to own stock, to vote at any meeting of the stockholders authorized by or referred to in this Section."

The master based his conclusions on (1) questions of law, and (2) questions of fact. Exceptions were filed to all of his findings. For reasons that need not be considered, on the application of the defendants the case was thereafter referred back to the master to hear such additional pertinent evidence as might be offered with respect to the real ownership of the stock registered on the corporate records in the name of "Matthew K. Stevens, Attorney-In-Fact for A. Arthur Tracy". The legal effect of such a registration will be considered later.

One of the exceptions filed was to the master's conclusion that the real owner of corporate stock had the right to vote it at stockholders' meetings though it be registered on the corporate books in the name of another person. It seems desirable to pass on that exception before any further testimony is taken by the master.

As a general rule, the right to vote shares of corporate stock having voting powers at stockholders' meetings is an

incident of their legal and record ownership. *In re Giant Portland Cement Co.*, 26 *Del.Ch.* 32, 21 *A.2d* 697; [*McLain v. Lanova Corp.*, 28 *Del. Ch.* 176, 39 *A. 2d* 209; *Drob, et al., v. Nat. Memorial Park*, 28 *Del.Ch.* 254, 41 *A.2d* 589; *Atterbury v. Consolidated Coppermines Corp.*, 26 *Del.Ch.* 1, 20 *A.2d* 743.] Furthermore, *Section* 29 *of the General Corporation Law*, § 2061, *Rev.Code* 1935, provides:

"The original or duplicate stock ledger shall be the only evidence as to whom are the stockholders entitled * * * to vote in person or by proxy at such election."

*Section* 17, § 2049, *Rev.Code* 1935, also provides in part:

"Unless otherwise provided in the Certificate of Incorporation, each stockholder, shall at every meeting of the stockholders be entitled to one vote in person or by proxy for each share of the capital stock held by such stockholder * * *."

The certificates of incorporation are not inconsistent with *Section* 17.

The Court of Chancery in reviewing a corporate election may reject votes cast by a registered stockholder if the voting of them is found to be in violation of the equitable rights of another (*In re Giant Portland Cement Co., supra; McLain v. Lanova Corp., supra; In re Canal Construction Co.*, 21 *Del. Ch.* 155, 182 *A.* 545; *Ringling Bros., et al., v. Ringling*, 29 *Del. Ch.* 610, 53 *A. 2d* 441), but that principle does not sustain the master's conclusion. Nor does *Italo Petroleum Corporation v. Producers Oil Corporation*, 20 *Del.Ch.* 283, 174 *A.* 276, sustain it. That case is merely an example of the settled rule that the real owner of stock can vote it at a corporate meeting if the failure to transfer it to him on the corporate records pursuant to his direction is wholly due to the negligent or other improper conduct of the corporate officers or agents. *Machen Mod. Law Corp.*, § 1221.

At this stage of the case no other questions will be determined.

The exception to the master's report above referred to is sustained and an order will be entered accordingly.